# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>   Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>   Defendants. | Case No. 1:12-cv-01003 DAD DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CHANGE NAME OF DEFENDANT WITHOUT PREJUDICE<br>(Document 35)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DECLARE CREATIVITY A RELIGION<br>(Document 36) |

Plaintiff Michael Anthony Todd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 27, 2015, the Ninth Circuit Court of Appeals reversed this Court's order dismissing the action in part and remanded the action. Specifically, the Ninth Circuit determined that this Court prematurely dismissed Plaintiff's First Amendment, Religious Land Use and Institutionalized Persons Act, Establishment Clause and equal protection claims because his allegations, liberally construed, were sufficient to warrant a response from certain Defendants.

Therefore, on September 23, 2015, the Court vacated the judgment and ordered Plaintiff to return service documents for eight Defendants. On December 4, 2015, the Court directed the United States Marshal to serve these Defendants.

///

///

Upon further review, the Court has determined that a new screening order is necessary to clearly establish which Defendants should be served. By separate order, the Court has vacated the December 4, 2015, order directing service and recalled the service documents from the United States Marshal.

Accordingly, the Court will re-screen the First Amended Complaint consistent with the Ninth Circuit's remand. As the Court has not determined which Defendants should be served, Plaintiff's December 18, 2015, motion to change the name of Defendant T. Cano to T. Campbell is DENIED without prejudice.

On December 18, 2015, Plaintiff also filed a motion "for immediate recognition of creativity as a religion" for First Amendment and RLUIPA purposes. However, the Court will not make such a determination that this early stage in the proceedings. When the Ninth Circuit remanded this action, it determined that *at the screening stage*, Plaintiff's allegations were sufficient to warrant a response on certain claims. The Ninth Circuit specifically noted that it "express[ed] no opinion as to whether Creativity constitutes a religion." Such a determination is not proper at this stage of the proceedings, and Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: **December 22, 2015**         /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE