# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD, | Case No. 1:12-cv-01003 DAD DLB PC |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND (Document 40) |
| v. | |
| CDCR, et al., | ORDER DIRECTING CLERK OF COURT TO FILE LODGED SECOND AMENDED COMPLAINT |
| Defendants. | (Document 41) |
| | ORDER VACATING FINDINGS AND RECOMMENDATIONS (Document 39) |

Plaintiff Michael Anthony Todd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 21, 2012. He filed a First Amended Complaint on September 12, 2012.

On March 26, 2013, the Court screened Plaintiff's First Amended Complaint and determined that it did not state any claims for relief. The Court dismissed the action on April 9, 2013, and Plaintiff appealed the dismissal.

On August 27, 2015, the Ninth Circuit Court of Appeals reversed this Court's order dismissing the action in part and remanded the action. Specifically, the Ninth Circuit determined that this Court prematurely dismissed Plaintiff's First Amendment, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Establishment Clause and equal protection claims

///

1

because his allegations, liberally construed, were sufficient to warrant a response from certain Defendants.

On January 7, 2016, the Court screened the First Amended Complaint pursuant to the Ninth Circuit's remand and determined that it should proceed on Plaintiff's First Amendment, RLUIPA, Establishment Clause and equal protection claims against Defendants Albitre, Smith, Indermill, Mayo, Mussellman, Ruiz and Rabbi John Doe.  The Court found that the remaining Defendants should be dismissed.

On February 16, 2016, Plaintiff filed a motion to amend his complaint.  He states that he does not object to the Findings and Recommendations, but requests leave to amend to omit Defendants who are no longer "properly joined," and to add facts, including the Doe Defendant's name.

**DISCUSSION**

Absent prejudice or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.  *C. F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)) (quotation marks omitted), *cert. denied*, 132 S.Ct. 1566 (2012).

At this stage of the proceedings, and in light of the procedural history, Plaintiff should be permitted to amend.  Defendants have not yet appeared in this action, and he states that his amendments are in line with the Court's screening order.

Accordingly, Plaintiff's motion to amend is GRANTED.  The Clerk of Court is DIRECTED to file the lodged Second Amended Complaint.  The Court will screen the Second Amended Complaint in due course, and Plaintiff need not take any action until the Court does so.

The January 7, 2016, Findings and Recommendations are therefore VACATED.

IT IS SO ORDERED.

Dated:   **February 24, 2016**              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE

2