UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No. 1:12-cv-01003-DAD-DLB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 44) |

　　　　Plaintiff Michael Anthony Todd is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint in this action on June 21, 2012. (Doc. No. 1.) After obtaining leave of court, he filed a second amended complaint ("SAC") on February 24, 2016. (Doc. No. 43.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 24, 2016, the assigned magistrate judge issued findings and recommendations recommending the action go forward on certain claims and that the remaining claims and defendants be dismissed. (Doc. No. 44.) Those findings and recommendations were served on plaintiff and contained notice that any objections must be filed within thirty days. Plaintiff filed his objections on March 4, 2016. (Doc. No. 45.)

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's

1

objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff argues in his objections that his transfer from California State Prison - Corcoran did not moot his claims for injunctive and declaratory relief.  He argues the issues he complained of are ongoing issues existing throughout the California Department of Corrections and Rehabilitation ("CDCR"), and have existed from the moment plaintiff embraced the Creativity religion.  He states he has been housed at no less than seven CDCR institutions, and that the issues he complains of have existed at each one.  Plaintiff also states the issues exist at his current place of incarceration, California State Prison - Sacramento.  According to plaintiff, he has already been transferred back to CSP-Corcoran on one occasion since this action was first filed in 2012, and he believes he could be transferred again to CSP-Corcoran again at any time.

In *Alvarez v. Hill*, 667 F.3d 1061, 1064–65 (9th Cir. 2012), the Ninth Circuit set out the parameters governing two mootness exceptions in the context of a former prisoner's Religious Land Use and Institutionalized Persons Act ("RLUPIA") claim:  (1) where claims are capable of repetition, yet will continue to evade review; and (2) where claims challenge ongoing prison policies to which other inmates will remain subject.

The mootness exception for claims capable of repetition, yet evading review, is limited to extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation the plaintiff will be subjected to the same action again. *Alvarez*, 667 F.3d at 1064 (internal citations omitted).  Here, plaintiff has made no showing suggesting that the alleged restrictions were implemented for such a short period of time their constitutionality could not be fully litigated.  In fact, plaintiff states the issues have existed for years.  Moreover, nothing in the record before the court indicates there is a "reasonable expectation" plaintiff will be returned to CSP-Corcoran. *Id.*; *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (concluding that an inmate's challenges to his conditions of confinement at a particular prison were moot because, after he had been transferred to another institution, he had failed to establish a "reasonable expectation of returning [to the first prison]").  Finally, while plaintiff suggests he has faced similar issues at numerous different

1  CDCR institutions, the activities which underlie this action are the taking of allegedly religious
2  material by a correctional officer at CSP-Corcoran as well as a number of issues surrounding his
3  requests at CSP-Corcoran to be put on a specific type of diet purportedly necessary for his
4  religious practices.  These complaints focus on the alleged past activities of specific employees at
5  CSP-Corcoran, not on policies allegedly adopted throughout the CDCR.  Therefore, this
6  exception to the mootness doctrine does not apply.

7  The second mootness exception, recognized in *United States v. Howard*, 480 F.3d 1005
8  (9th Cir. 2007), was substantially limited by the Ninth Circuit's holding in *Alvarez*, where the
9  court explained that the exception had never been applied beyond circumstances involving short-
10 lived pretrial proceedings in criminal prosecutions, where civil class actions would not be
11 conducive to obtaining the relief sought.  *Alvarez*, 667 F.3d at 1065.  The court in *Alvarez*
12 continued, however, that even if the holding in *Howard* applied more broadly, it would not apply
13 to the inmate's RLUIPA claims.  "While we have assumed, for purposes of this appeal, that at
14 least some of the policies and practices Alvarez challenged remain ongoing and, thus, will
15 continue to affect current ODOC inmates, those inmates can bring their own RLUIPA claims
16 challenging those policies."  *Id*.

17 This case is controlled by the holding of the court in *Alvarez*.  Other inmates practicing the
18 Creativity religion who are currently subject, or may become subject, to the allegedly unlawful
19 practices and policies placed at issue by plaintiff in this action can bring their own claims in
20 separate actions.

21 Therefore, because plaintiff's transfer from CSP-Corcoran renders injunctive and
22 declaratory relief unavailable in this case, the magistrate judge correctly recommended dismissing
23 plaintiff's RLUIPA claims and defendants CDCR and CSP-Corcoran from the suit.

24 To the extent plaintiff requests that he be permitted to address the issues by way of a class
25 action lawsuit, he is advised a pro se litigant generally cannot "fairly and adequately protect the
26 interests of the class."  Fed. R. Civ. P. 23(a)(4); *Fymbo v. State Farm Fire & Casualty Co.*, 213
27 F.3d 1320, 1321 (10th Cir. 2000).  While a non-attorney proceeding pro se may bring his own
28 claims to court, he generally may not pursue claims on behalf of others in a representative

capacity. *E.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008); *Fymbo*, 213 F.3d at 1321.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations dated February 26, 2016 (Doc. No. 44), are ADOPTED IN FULL;
2. This action SHALL PROCEED only on plaintiff's First Amendment, Establishment Clause and equal protection claims against defendants Albitre, Smith, Indermill, Mayo, Mussellman, Ruiz, and Carron; and
3. Defendants CDCR and CSP are DISMISSED from this action.

IT IS SO ORDERED.

Dated: **March 21, 2016**   /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE