|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| MICHAEL ANTHONY TODD, | No. 1:12-cv-01003-DAD-BAM (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | (Doc. No. 61, 76) |

Plaintiff Michael Anthony Todd is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On May 24, 2017, the assigned magistrate judge issued findings and recommendations recommending that the motion to dismiss filed by defendants Indermill, Albitre and Carron be granted, and that those defendants be dismissed from this action based on qualified immunity grounds. (Doc. No. 76.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service of the findings and recommendations. (*Id.*) Plaintiff filed objections on June 7, 2017.

/////

1

1  (Doc. No. 77.)  Defendants Indermill, Albitre and Carron filed a reply to plaintiff's objections on
2  June 13, 2017.  (Doc. No. 78.)

3       In his objections, plaintiff argues that the magistrate judge erred in concluding that
4  defendants were entitled to qualified immunity, because:  (i) the qualified immunity inquiry was
5  not completed in the correct order; and (ii) the incorrect standard was applied in determining
6  whether plaintiff had "clearly established" religious rights.  (Doc. No. 77 at 2.)

7       The court has reviewed plaintiff's objections, but finds no basis therein warranting
8  rejection of the magistrate judge's findings and recommendations.  As indicated by the magistrate
9  judge in the pending findings and recommendations, in resolving a claim of qualified immunity
10 by government officials, the court must decide (i) whether the facts that a plaintiff has alleged or
11 shown make out a violation of a constitutional right and (ii) whether the right at issue was clearly
12 established at the time of the defendant's alleged misconduct.  *See Pearson v. Callahan*, 555 U.S.
13 223, 232 (2009); *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012).  Contrary to plaintiff's
14 assertion, district courts are "permitted to exercise their sound discretion in deciding which of the
15 two prongs of the qualified immunity analysis should be addressed first in light of the
16 circumstances in the particular case at hand."  *Pearson*, 555 U.S. at 236; *see also* Ames v. Kings
17 County, Washington, 846 F.3d 340, 347 (9th Cir. 2017) ("We may exercise discretion in deciding
18 which of the two prongs to address first.").  The court therefore finds no error in the magistrate
19 judge's decision to first consider whether the constitutional right at issue was clearly established
20 at the time of the alleged misconduct.

21      Plaintiff's contentions regarding whether his specific religious rights were clearly
22 established at the time of the alleged misconduct are also unpersuasive.  In the findings and
23 recommendations, the magistrate judge found the dispositive inquiry to be "whether it was clearly
24 established that Creativity invoked constitutionally cognizable religious interests, and Defendants
25 should have recognized Creativity as a religion and relatedly provided Plaintiff with religious
26 meals and allowed him to retain his religious materials."  (Doc. No. 76 at 9.)  Plaintiff argues that
27 the magistrate judge should have addressed the question of whether he had "clearly established
28 /////

religious rights . . . not whether Creativity was previously recognized." (Doc. No. 77 at 4.) Plaintiff's arguments are not persuasive.

The Supreme Court has repeatedly emphasized that "clearly established law" should not be defined for qualified immunity purposes "at a high level of generality." *White v. Pauly*, __ U.S.__, __, 137 S. Ct. 548, 552 (2017) (noting that "otherwise, plaintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights") (quotation marks and citations omitted); *Ashcroft v. al–Kidd*, 563 U.S. 731, 742 (2011). Rather, the clearly established law must be "particularized to the facts of the case." *White*, 137 S. Ct. at 552 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Here, the magistrate judge properly defined the inquiry for the particular facts of this case, as alleged by plaintiff, by analyzing whether it was clearly established that Creativity invoked constitutionally cognizable religious interests at the time of the defendants' alleged misconduct.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The May 24, 2017 findings and recommendations (Doc. No. 76), are adopted in full;
2. Defendants' motion to dismiss (Doc. No. 61), filed on July 28, 2016, is granted;
3. Defendants Indermill, Albitre and Carron are dismissed from this action on qualified immunity grounds; and
4. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **August 4, 2017**

                                                  UNITED STATES DISTRICT JUDGE