# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD, | Case No. 1:12-cv-01003-DAD-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR IMMEDIATE RECOGNITION OF CREATIVITY AS A RELIGION FOR FIRST AMENDMENT AND RLUIPA PURPOSES |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| | (ECF No. 66) |
| Defendants. | FOURTEEN-DAY OBJECTION DEADLINE |

Plaintiff Michael Anthony Todd, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 21, 2012. This action currently proceeds on Plaintiff's First Amendment, Establishment Clause and equal protection claims against Defendants Smith-Robicheaux (sued as "Smith"), Mayo, Mussellman, and Ruiz as set forth in the second amended complaint.[1] Plaintiff's allegations concern the asserted denial of his rights arising out of his membership in, and practice of, Creativity as a religion.

Currently pending before this Court is Plaintiff's motion for immediate recognition of Creativity as a religion for First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") purposes, filed on August 22, 2016. (ECF No. 66.) Defendants Smith-Robicheaux, Mayo, Musselman and Ruiz opposed the motion on September 1, 2016. (ECF No.

---

[1] Defendants Indermill, Albitre and Carron were dismissed from this action on August 7, 2017. (ECF No. 79.)

67.) Plaintiff replied on September 19, 2016. (ECF No. 70.) The motion is deemed submitted on the papers. Local Rule 230(l).

### I. Jurisdiction Pending Appeal

On August 7, 2017, the Court granted the motion to dismiss filed by Defendants Indermill, Albitre and Carron, based on a finding that they were entitled to qualified immunity. (ECF No. 79.) On August 28, 2017, Plaintiff filed a notice of appeal, and the matter was processed to the Ninth Circuit Court of Appeals on August 29, 2017. (ECF No. 81.) However, Plaintiff's challenge to the grant of qualified immunity is generally not independently appealable on an interlocutory basis. See Mathis v. Cty. of Lyon, 633 F.3d 877, 878 (9th Cir. 2011) ("Only the denial of qualified immunity is subject to interlocutory review, not the granting of qualified immunity."); Eng v. Cooley, 552 F.3d 1062, 1067 (9th Cir. 2009) ("Generally, a challenge to the *grant* of qualified immunity is not independently interlocutory appealable.") (quoting Krug v. Lutz, 329 F.3d 692, n. 2 (9th Cir. 2003)). The Court therefore retains jurisdiction over Plaintiff's pending motion for immediate recognition of Creativity as a religion.

### II. Relevant Allegations in Second Amended Complaint

Plaintiff is currently housed at California State Prison, Sacramento. However, the events in the second amended complaint are alleged to have occurred while Plaintiff was housed at California State Prison, Corcoran.

Plaintiff alleges that he is both a member and minister of the "Ecclesia Creatoris" religious organization, which promotes the Creativity religion. Plaintiff asserts that he "sincerely believes in the tenets of Creativity and holds Creativity to be his religion." (Doc. 43, p. 4.) Upon becoming a member, Plaintiff pledged not only "undying loyalty to the White Race," but also to "promote the best interests of the While Race." (Id. at pp. 4-5.) Plaintiff has been teaching the tenets of Creativity to other inmates for fourteen years.

Plaintiff alleges that Defendants Ruiz, Mayo, and Musselman violated his First Amendment rights by confiscating his religious property, and Defendants justified their actions by claiming that the documents seized were gang-related materials. (Id. at ¶¶ 22-31.) Plaintiff further alleges that Defendant Smith-Robicheaux denied him a diet that conforms to Creativity's

"religious" tenets. (Id. at ¶ 42.)

In his complaint, Plaintiff seeks declaratory relief, including that the Court "[g]rant[] Plaintiff a declaration that his religion, Creativity, qualifies as a religion entitled to First Amendment, Article 1 State Law and RLUIPA protection." (Id. at ¶ 76.)

### III. Plaintiff's Motion for Immediate Recognition of Creativity as a Religion

By the instant motion, Plaintiff asks the Court to "immediately rule that Creativity constitutes a religion for purposes of the First Amendment and RLUIPA." (ECF No. 66 at p. 4.) Plaintiff's motion seeking a declaration that Creativity constitutes a religion is a procedurally improper motion for declaratory relief. See, e.g., Owen v. City of Portland, 236 F.Supp.3d 1288, 1298 (D. Ore. 2017) (declaratory relief available at end of lawsuit, but not as preliminary relief; noting that a federal court "has no authority to grant a motion seeking temporary declaratory relief"); Centrifugal Acquisition Corp. v. Moon, No. 09-C-327, 2010 WL 152074, at *1 (E.D. Wis. Jan. 14, 2010) ("there is no such thing as a motion for declaratory relief").

In Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc., 560 F.3d 935 (9th Cir. 2009), the Ninth Circuit held as follows:

> a party may not make a *motion* for declaratory relief, but rather, the party must bring an action for a declaratory judgment. Insofar as plaintiffs seek a motion for a declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules. The only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment.

560 F.3d 943, quoting Int'l Bhd. of Teamsters v. E. Conference of Teamsters, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) (emphasis in original). The Court declines to construe Plaintiff's motion as one for summary judgment. Plaintiff's moving papers do not satisfy the requirements for a motion for summary judgment under either Federal Rule of Civil Procedure 56 or Local Rule 260. For instance, Rule 56 requires that a party asserting that there is no genuine dispute of fact must support that assertion with citation to particular parts of materials in the record or show that the cited material do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1).

3

Correspondingly, Local Rule 260 requires that each motion for summary judgment "be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Local Rule 260(a). Plaintiff's moving papers do not satisfy these requirements.

Moreover, in light of the Court's prior ruling on qualified immunity, it is premature to address the underlying merits of this action as the remaining defendants also have asserted a qualified immunity defense in their answer. (ECF No. 51 at p. 3.)

Finally, to the extent Plaintiff seeks any relief related to a violation of RLUIPA, such a request is moot. This action proceeds only on Plaintiff's First Amendment, Establishment Clause and equal protection claims. (ECF No. 46.)

**II. Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for immediate recognition of Creativity as a Religion for First Amendment and RLUIPA purposes, filed on August 22, 2016, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 1, 2017**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE