UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 1:12-cv-01003-DAD-BAM (PC)<br><br><u>ORDER DENYING MOTION FOR LEAVE TO APPEAL COURT'S ORDER GRANTING QUALIFIED IMMUNITY TO DEFENDANTS INDERMILL, ALBITRE, AND CARRON</u><br><br>(Doc. No. 86) |

Plaintiff Michael Anthony Todd is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On September 13, 2017, plaintiff filed a motion for leave to appeal the court's order granting qualified immunity to defendants Indermill, Albitre, and Carron. (Doc. No. 86.) The court construes plaintiff's motion as a request for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the court will deny the motion.

**A.     Procedural Background**

Plaintiff initiated this action June 21, 2012, alleging the denial of his rights arising out of his membership in and practice of Creativity as a religion. (Doc. No. 1.) On July 28, 2016, defendants Indermill, Albitre and Carron filed a motion to dismiss, asserting that they were entitled to qualified immunity. (Doc. No. 61.) On May 24, 2017, the assigned magistrate judge

1

issued findings and recommendations recommending that defendants' motion to dismiss be granted.  (Doc. No. 76.)  On August 7, 2017, over plaintiff's objections, the court adopted the findings and recommendations in full and dismissed defendants Indermill, Albitre and Cannon from this action on qualified immunity grounds.  (Doc. No. 79.)  Plaintiff filed a notice of appeal on August 28, 2017.  (Doc. No. 80.)

On September 21, 2017, the Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction, noting than an order is not appealable unless it disposes of all claims as to all parties or judgment is entered in compliance with Rule 54(b).  (Doc. No. 87.)

However, on September 13, 2017, during pendency of the appeal, plaintiff filed the instant motion seeking leave to appeal the court's order dismissing the identified defendants on qualified immunity grounds.  (Doc. No. 86.)  Plaintiff therein argues that the court applied an unconstitutional standard in granting qualified immunity by finding the dispositive inquiry to be whether Creativity "had previously been determined to be a religion by the Court."  (*Id.* at 1.)  Plaintiff contends that "[w]hether this decision was correct, and whether the test the Court adopted was constitutional, is of paramount importance to the entire case" because the question is dispositive because it would apply to the remaining defendants in this action.  (*Id.*)  Defendants Indermill, Albitre and Carron opposed plaintiff's motion, asserting that he has not demonstrated the exceptional circumstances necessary for the court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Doc. No. 90.)

**B.     Discussion**

Under federal law, a district court may certify for appeal an otherwise unappealable decision in certain exceptional circumstances.  28 U.S.C. § 1292(b).  A party seeking an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) must demonstrate that:  (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion regarding the issue; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981).  Section 1292(b) should be "used only in extraordinary cases where decision of an interlocutory appeal
/////

might avoid protracted and expensive litigation." *See U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

Here, plaintiff's position is that the court should not have considered whether Creativity previously had been recognized as a religion by the courts. This argument appears to be a restatement of plaintiff's prior objection that the magistrate judge should have addressed the question of whether he had clearly established religious rights, not whether Creativity was a previously recognized religion. (*See* Doc. No. 77 at 4.) The court found this argument unpersuasive in light of the Supreme Court's repeated emphasis that "clearly established law" should not be defined for qualified immunity purposes "at a high level of generality." *White v. Pauly*, __U.S.__, 137 S. Ct. 548, 552 (2017) (noting that "otherwise, plaintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights") (quotation marks and citations omitted); *Ashcroft v. al–Kidd*, 563 U.S. 731, 742 (2011). Rather, the clearly established law must be "particularized to the facts of the case." *White*, 137 S. Ct. at 552 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The court defined the inquiry for the particular facts of this case, as alleged by plaintiff, by analyzing whether it was clearly established that Creativity invoked constitutionally cognizable religious interests at the time of the defendants' alleged misconduct. The court finds no reason to depart from this determination, and plaintiff has not demonstrated that there are substantial grounds for a difference of opinion regarding this issue in light of controlling Supreme Court precedent. Thus, he has not met the requirements necessary for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Further, there is no indication that an appeal would avoid protracted litigation in this action. Permitting a piecemeal appeal before the court has addressed the now pending motions for summary judgment would only serve to delay the disposition of this action. Moreover, as plaintiff's moving papers appear to concede, if the court were to grant qualified immunity to the remaining defendants, this action would be terminated, and plaintiff could immediately raise the issue on appeal from the court's judgment as to all defendants.

/////

3

**C. Conclusion**

Accordingly, for the reasons set forth above, plaintiff's motion for leave to appeal the court's order dismissing defendants Indermill, Albitre, and Carron from this action on qualified immunity grounds (Doc. No. 86), construed as a request for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), is denied.

IT IS SO ORDERED.

Dated: **April 9, 2018**

UNITED STATES DISTRICT JUDGE