UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>Plaintiff,<br><br>v.<br><br>D.J. RUIZ, et al.,<br><br>Defendants. | No. 1:12-cv-01003-DAD-BAM<br><br>ORDER DENYING MOTION FOR <u>RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER</u><br><br>(Doc. No. 97) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On December 18, 2017, the assigned magistrate judge formally lifted the stay imposed in this matter *nunc pro tunc* and granted the request of defendants Smith-Robicheaux, Musselman, Mayo, and Ruiz for an extension of time to file an opposition to plaintiff's motion for summary judgment and to file a cross-motion for summary judgment. (Doc. No. 95.) On January 11, 2018, plaintiff filed a motion seeking review of the magistrate judge's order granting the extension of time, which the court will construe as an objection brought under Federal Rule of Civil Procedure 72(a). (Doc. No. 97.) The court reviews this objection under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (non-dispositive pretrial orders are reviewed for clear error under Rule 72(a)).

/////

1

Some procedural history is appropriate to recount. On January 13, 2017, the magistrate judge granted the parties' stipulation to stay this action pending resolution of a motion to dismiss the second amended complaint filed by former defendants Indermill, Albitre, and Carron. (Doc. No. 75.) The court granted the relevant motion to dismiss on August 7, 2017, and plaintiff sought to appeal that decision. (Doc. Nos. 79, 80.) On September 21, 2017, the Ninth Circuit Court of Appeals dismissed plaintiff's appeal, issuing its mandate on October 16, 2017. (Doc. Nos. 87, 92.) Plaintiff filed a motion for summary judgment on November 6, 2017. (Doc. No. 93.) The remaining defendants did not file an opposition to that motion, believing the court would issue a separate order lifting the stay and setting a new schedule in the case. However, apparently reconsidering that approach, defendants moved for a thirty-day extension of time to oppose plaintiff's motion for summary judgment and file a cross-motion for summary judgment on December 13, 2017. (Doc. No. 94.) Finding there was no prejudice to plaintiff and that the status of the case needed to be clarified in any event, the magistrate judge issued an order granting defendants' request for an extension of time and lifting the stay *nunc pro tunc* on December 18, 2017. (Doc. Nos. 95, 97.) This is the order to which plaintiff now objects.

Plaintiff asserts he was, in fact, prejudiced by the order, since otherwise the defendants would have been in default and he would have prevailed in this action. (Doc. No. 97.) The undersigned disagrees since plaintiff clearly would not be automatically victorious in the litigation but for the magistrate judge's order. *See C.A.R. Transp. Brokerage Co., Inc. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) ("When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.") (internal quotations omitted). The magistrate judge's order was not clearly erroneous or contrary to law. Accordingly, plaintiff's motion for reconsideration (Doc. No. 97) is denied.

IT IS SO ORDERED.

Dated: **July 18, 2018**

UNITED STATES DISTRICT JUDGE